UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID J. MEYER,

    Plaintiff,

    v.                                  CASE NO. 8:06-CV-1499-T-MAP

MICHAEL J. ASTRUE, Commissioner of
Social Security,[1]

    Defendant.
_____/

## ORDER

Pursuant to 42 U.S.C. § 405(g), the Plaintiff seeks review of the Commissioner's decision terminating his period of disability benefits and disability insurance benefits.[2] Essentially, the Plaintiff argues the Administrative Law Judge ("ALJ") erred by 1) failing to give proper weight to the treating doctors' opinions; 2) failing to properly consider his impairments in combination; 3) finding his pain complaints not totally credible; 4) failing to call on a vocational expert; and 5) giving improper weight to the state agency medical consultants. After reviewing t[1]he ALJ's decision, I find the ALJ applied the correct legal standards in reaching his decision. Accordingly, the ALJ's decision is affirmed and the complaint is dismissed.

---

[1] Michael J. Astrue replaced Jo Anne B. Barnhart as Commissioner of Social Security effective February 12, 2007.

[2] The parties have consented to proceed before me pursuant to 28 U.S.C. § 636(c) (doc. 10).

*A. Background*

The Plaintiff filed an application for disability insurance benefits and period of disability in 1999, and on September 13, 1999, the Commissioner found Plaintiff disabled beginning January 12, 1999, due to anemia that satisfied Listing 7.02A, as well as thrombocytopenia status post atrial myxoma repair and a history of hyperthyroidism and infected leg ulcers. Thereafter, upon review, the Social Security Administration determined Plaintiff's disability ceased as of February 1, 2003, and terminated benefits effective April 2003. The Plaintiff sought review, and after an administrative hearing on July 12, 2005, the ALJ issued a decision on August 9, 2005, affirming Plaintiff's disability ceased as of February 1, 2003. Plaintiff appealed and the Appeals Council denied his request for review on November 5, 2005. The Appeals Council set aside its denial for review to consider additional information Plaintiff submitted, but ultimately opined once again that there was no reason to review the ALJ's decision (R. 2). Thus, the ALJ's August 9, 2005, unfavorable decision is the final decision under review on this appeal.

The Plaintiff was forty-one years old at the time of the cessation of benefits. He completed high school and his past relevant work experience includes work as a meat cutter and a mechanical repairman. After hearing Plaintiff testify that he has worked part-time for three years delivering auto parts, can stand for six hours at a time, and sit without limitations, and reviewing the medical evidence showing Plaintiff's conditions have stabilized since his disability determination, the ALJ opined that his disability ceased as of February 1, 2003, and he is capable of performing light work.

*B. Standard of Review*

To be entitled to disability insurance benefits, a claimant must be unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment

which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. § 423(d)(3).

The Social Security Administration has established eight evaluation steps to assure that disability reviews are carried out in a uniform manner and that any decisions to stop disability benefits are made objectively and neutrally and are fully documented. *See* 20 C.F.R. § 404.1594(f). The eight evaluation steps are: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant's impairment(s) meets or equals the medical criteria of Appendix 1, 20 C.F.R. Part 404, Subpart P; (3) whether there has been medical improvement in the claimant's impairment(s);[3] (4) whether the medical improvement is related to the claimant's ability to work (i.e., whether there has been an increase in the claimant's residual functional capacity based on the impairment(s) that was present at the time of the most recent favorable medical determination); (5) whether any exception to the medical improvement standard applies;[4] (6) if medical improvement is shown to be related to the claimant's ability to work, the Commissioner will determine whether

---

[3] "Medical improvement is any decrease in the medical severity of [the claimant's] impairment(s) which was present at the time of the most recent favorable medical decision that [the claimant was] disabled or continued to be disabled. A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with [the claimant's] impairment(s)." 20 C.F.R.§ 404.1594(b)(1).

[4] If it is found at step three that there has been no medical improvement or at step four that the medical improvement is not related to the claimant's ability to work, the Commissioner will consider whether any of the exceptions in 20 C.F.R. § 404.1594(d) and (e) apply (i.e., a prior determination or decision was fraudulently obtained). *See* 20 C.F.R. 404.1594(f)(5).

any of the claimant's impairments, or combination thereof, are severe;[5] (7) if the claimant's impairment(s) is severe, the Commissioner will determine whether the claimant retains the functional capacity to return to any of his past relevant work; and (8) if the claimant cannot perform the tasks required of his prior work, the Commissioner must decide if the claimant can do other work in the national economy in view of his age, education and work experience.[6]  A claimant is entitled to continued benefits only if unable to perform other work.  *See*  20 C.F.R. § 404.1594(f).

In reviewing the ALJ's findings, this court must ask if substantial evidence supports them. *Richardson v. Perales*, 402 U.S. 389 (1971).  The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists.  42 U.S.C. § 405(g); *Keeton v. Department of Health and Human Services,* 21 F.3d 1064 (11th Cir. 1994).  The Court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision.  *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he has conducted the proper legal analysis, mandates reversal.  *Keeton*, 21 F.3d at 1066; *Jamison v. Bowen,* 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

---

[5] An impairment is severe if it imposes significant restrictions on the claimant's ability to perform basic work activities.  *See* 20 C.F.R. § 404.1521.

[6] The disability review may cease and benefits may be continued at any step in the evaluation process where it is determined there is sufficient evidence to find that the claimant is still unable to engage in substantial gainful activity.  20 C.F.R. § 404.1594(f).

*C. Discussion*

   *1. medical improvement*

Plaintiff argues the ALJ's finding that his medical condition improved is not supported by medical evidence. He states that his medical records since the award of benefits show that he remains unable to work. Specifically, he states that his treating physician, Brian Cadigan, opined that he would need to miss work more than three times per month due to his impairments, including chronic fatigue and joint pain. The Commissioner responds that Dr. Cadigan's records post-date the ALJ's decision, as Plaintiff submitted them to the Appeals Council when he appealed the ALJ's decision denying benefits. Because the Appeals Council considered Dr. Cadigan's records along with the other new evidence but declined Plaintiff's request for review, this Court should consider the records only to determine whether the evidence satisfies the criteria for remand pursuant to sentence six of 42 U.S.C. § 405(g). *Falge v. Apfel*, 150 F.3d 1320 (11th Cir. 1998); *Keeton v. Department of Health and Human Svcs.*, 21 F.3d 1064, 1068 (11th Cir. 1994). Remand is appropriate under this section only when a claimant shows that (1) new, noncumulative evidence exists; (2) the evidence is material in that it is relevant and probative so there is a reasonable possibility that it would change the administrative results; and (3) there is good cause for failure to submit the evidence at the administrative level. *Falge,* at 1323.

Here, Plaintiff failed to show that Dr. Cadigan's records or any of the other new evidence are material to the ALJ's decision because he has not demonstrated that there is a reasonable possibility that they would have changed the ALJ's decision. As the Commissioner notes, Dr. Cadigan's opinion regarding Plaintiff's limitations were not rendered until October 2005, and do not reflect Plaintiff's condition at the time of the termination of benefits on February 1, 2003. In fact,

Dr. Cadigan indicated that Plaintiff's condition had "worsen[ed] recently" (R. 388). Moreover, Dr. Cadigan's records and the medical evidence as a whole do not support Dr. Cadigan's opinions because they do not include medical signs or findings that Plaintiff's condition is severe enough to warrant the limitations he imposed. *See Bloodsworth*, 703 F.2d at 1240 (citing *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981)) (finding that an ALJ may reject the opinion of any physician when the evidence, as a whole, supports a contrary conclusion). Accordingly, because Dr. Cadigan's records and opinions do not pertain to the relevant time period and because his records do not support the limitations he imposed or the opinions he rendered, I conclude his opinions are not entitled to substantial weight and the Appeals Council did not err in declining Plaintiff's request for review.[7] Although Plaintiff submitted other new evidence to the Appeals Council, he has not argued in his memorandum that the other new evidence is material or should have been considered, and thus has not met his burden. Substantial evidence supports the ALJ's decision that Plaintiff was no longer disabled on February 1, 2003.

        *2. combination of impairments*

Plaintiff also asserts the ALJ erred by failing to consider that the combined effect of his impairments rendered him disabled as of February 1, 2003. In response, the Commissioner states that the ALJ did in fact consider the combined effect of his impairments. The ALJ opined that Plaintiff had an impairment or combination of impairments that singularly or in combination significantly limited his ability to do basic work activities, but concluded that his impairments no longer rendered him disabled as of February 1, 2003. The ALJ must make specific and well-

---

[7] Plaintiff may chose to file a new application for disability benefits regarding the time period applicable to Dr. Cadigan's records and opinions.

articulated findings to determine whether the combination of impairments are disabling. *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987). Here, the ALJ, referring to specific medical records, found that the objective medical evidence does not show that the impairments were as severe as alleged. He noted that Plaintiff required only one transfusion to treat anemia since the disability decision, that his hemoglobin and hematocrit levels had stabilized, that his cardiac symptoms had stabilized, and he testified he was able to work twenty-five hours a week for the past three years and felt he was physically capable of working even more hours. Accordingly, after reviewing the evidence, I find substantial support for the ALJ's conclusion that Plaintiff had an impairment or combination of impairments, and that these impairment(s) did not result in an inability to work as of February 1, 2003.[8]

### 3. pain standard

Third, Plaintiff vaguely argues the ALJ improperly disregarded his complaints of pain. Although Plaintiff's assertion that the Eleventh Circuit's pain standard requires that the ALJ consider subjective complaints in light of the objective medical evidence is correct (*see generally Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)), he fails to explain the ALJ's deficiency in this case and I find the ALJ adequately addressed Plaintiff's complaints. As stated above, the objective evidence shows that Plaintiff's conditions had improved since the award of benefits, and

---

[8] Plaintiff mentions that the ALJ erred by failing to fully develop the record, but provides no factual or legal basis supporting his cursory statement. While an ALJ has a duty to develop a full and fair record regardless if the Plaintiff is represented by counsel or appears *pro se, Brown v. Shalala,* 44 F.3d 931, 934 (11th Cir. 1995), here I find that the ALJ properly performed his duty of developing the record and Plaintiff failed to demonstrate otherwise. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) ("claimant bears the burden of proving he is disabled, and, consequently, he is responsible for producing evidence to support his claim"); 20 C.F.R. §416.912(c).

Plaintiff testified at the hearing that he feels he is capable of working even more than the twenty-five hours a week of work that he had performed for the past three years. In other words, even Plaintiff's own testimony failed to support the limitations he raised in the treatment records. Hence, I find substantial support for the ALJ's conclusion that Plaintiff was no longer disabled as of February 1, 2003, and that he properly considered and rejected his subjective complaints to the extent that they were incompatible with the residual functional capacity determination in light of the objective evidence in the record.

*4. vocational expert*

Plaintiff next asserts the ALJ failed to fully develop the record because he relied on the Medical-Vocational Guidelines (the "Grids") instead of utilizing a vocational expert to determine whether there are jobs in the national economy he could perform. An ALJ may rely on the Grids in establishing that jobs exist in the national economy; it is not necessary to utilize a vocational expert in all cases. *See Heckler v. Campbell*, 461 U.S. 456, 467-68 (1983). Reliance on the Grids, however, is not appropriate when a claimant is "unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills." *Francis v. Heckler,* 749 F.2d 1562, 1566 (11th Cir. 1985).

As previously discussed, the ALJ determined Plaintiff's subjective complaints were not supported by the medical evidence. And, even if the fatigue, edema, and pain were medically substantiated, they were not significantly limiting--Plaintiff maintained part-time work despite their existence. Hence, the ALJ's use of the grids and decision to not elicit VE testimony was premised on his specific findings that Plaintiff's subjective complaints, to the extent that they are supported by the record, are compatible with a full range of light work (R. 36-37). Substantial evidence

supports the ALJ's findings; as discussed above the record evidence sufficiently supports the ALJ's finding that Plaintiff had no significant non-exertional limitations that narrowed the range of light work he could perform. Thus, the ALJ appropriately relied on the grids and did not err in failing to obtain VE testimony. *See Foote*, 67 F.3d at 1558-59; *Sryock*, 764 F.2d 834, 836 (11th Cir. 1985).

     *5. state agency medical consultants*

Plaintiff dedicates two sentences of his memorandum to the argument that the ALJ erred by giving substantial weight to the opinions of state agency consultants. Plaintiff incorrectly states that the ALJ should not attribute more weight to the consultants' opinions than he assigns to the treating physicians. State agency consultants are experts in Social Security disability cases and their opinions are entitled to great weight if supported by evidence in the record. 20 C.F.R. §404.1527(f)(2)(1), SSR 96-6p. Here, as the Commissioner recognized, the ALJ considered the state agency consultants' assessments of Plaintiff and properly found that they were consistent with and supported by other record evidence.

     *D. Conclusion*

For the reasons stated, it is hereby

ORDERED:

1.     The Plaintiff's complaint is dismissed and the Commissioner's decision affirmed.

1.     The Clerk is directed to enter judgment for the Commissioner.

IT IS SO ORDERED in chambers at Tampa, Florida on this 6th day of September, 2007.

                                                          MARK A. PIZZO
                                                          UNITED STATES MAGISTRATE JUDGE

Copies to: Counsel of Record